IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

JOSEPH KELLY PLUMBAR §
*Plaintiff* §
 §
 §
 §
v. § CIVIL ACTION NO.:4:16-CV-00129
 §
SOUTH TEXAS COLLEGE OF LAW § JURY DEMAND
*Defendant* §
 §

## ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, JOSEPH KELLY PLUMBAR, hereinafter called Plaintiff, and files his Original Complaint against Defendant, SOUTH TEXAS COLLEGE OF LAW (hereinafter referred to as "STCL") and, for cause of action shows unto the Honorable Court the following.

### PARTIES

1. Plaintiff is an individual who resides in Harris County, Texas.

2. Defendant, SOUTH TEXAS COLLEGE OF LAW, is a domestic nonprofit corporation and may be served by and through their registered agent: ***Donald J. Guter, 1303 San Jacinto Street, Houston, Texas 77002 or wherever he may be found.***

### JURISDICTION AND VENUE

3. This action arises under 28 § U.S.C. 1331.

4. This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

### NATURE OF ACTION

5. This is an action under the Civil Rights Act of 1964, as amended. Title 42 U.S.C. Section 2000e et.seq., as amended by to correct lawful employment practices on the basis of race,

gender, racially hostile working environment, harassment, retaliation, and common law breach of contract.

## CONDITIONS PRECEDENT

6. All conditions precedent to jurisdiction have occurred or been complied with. All internal grievance procedures with STCL have been satisfied. Externally, a charge of discrimination was filed with the Equal Employment Opportunity Commission (EEOC) within three hundred days (300) of the acts complained of herein. Plaintiff's complaint was filed within ninety (90) days of his receipt of the Notice of Right to Sue from the EEOC. JOSEPH KELLY PLUMBAR has exhausted all administrative remedies.

## FACTS

7. Plaintiff is a member of a protected class as an African-American male. Plaintiff was treated less favorably than non-class members, specifically less favorably than the white female employees, and less favorably than non-African American SOUTH TEXAS COLLEGE OF LAW employees. Plaintiff was subjected to a hostile work environment though his termination by non-renewal of office hours effective on or about December 2014. Plaintiff began employment as an "Acquisitions Librarian" with SOUTH TEXAS COLLEGE OF LAW in on or about December 2012. His position was responsible for the supervision and management of all aspects of acquisitions operations including: managing the materials budget, monitoring expenditures, ensuring the ordering and receipt of library materials in all formats and media, review and implementation of collection management policies, and overseeing vendor relations and purchasing agreements. In addition, Plaintiff, JOSEPH KELLY PLUMBAR, maintained accurate acquisitions data, statistics, reports and policies.

8. Plaintiff's specific job duties at SOUTH TEXAS COLLEGE OF LAW also entailed overseeing collection development, instructing students in their first year of law school regarding legal research and writing, instructing students in advanced legal research classes/plan lessons,

holding annual CLE's for practicing attorneys regarding legal research law updates and other substantive law, managing the library's $2.5 million dollar budget, manage and supervise the Acquisitions Department Staff, maintain relationships with library vendors (i.e. Westlaw, LexisNexis, HeinOnline), provide in depth research assistance to faculty, staff and patrons. In addition, Plaintiff was responsible for negotiating expenditures on behalf of the library with vendors, reallocated $585,000.00 out of the library's budget due to budget cuts, started Digital Lawyering Initiative which became an institution within SOUTH TEXAS COLLEGE OF LAW, streamlined acquisitions process, was the Head of Acquisitions Committee and conducted bi-weekly meetings for ordering and updating the collections, and presented at professional conferences. Indeed at all times during his employment, Plaintiff, JOSEPH KELLY PLUMBAR, was a good employee who did his job well.

9. Notwithstanding, Plaintiff was discriminated against because of his race and gender and was retaliated against for opposing discriminatory practices in the workplace. Defendant and Defendant's agents, specifically, David Cowan, Mary Lippold, and Monica Ortale engaged in consistent discriminatory treatment of the Plaintiff. Plaintiff being a black male found himself the subject target of extreme discriminatory practices by the afore-mentioned individuals who are white females, with the exception of David Cowan who is a white male. There were incidents wherein said individuals clearly would manipulate technology, promulgate misrepresentations, and engage in fraudulent behavior in order to make Plaintiff appear incompetent or unable to follow instructions. One specific incident occurred on or about April 4, 2014, wherein David Cowan and Monica Ortale accused Plaintiff of not uploading the proper "pathways" in to the librarian system for their usage. Upon further review, it became obvious that the pathways had been uploaded for their usage since February 11, 2014. In another specific instance that occurred on or about August 25, 2014, David Cowan accused Plaintiff of being late to work and therefore in violation of policies.

Upon further review, however, it became obvious that not only Plaintiff was on time, but that David Cowan and Monica Ortale modified his scheduled work hour after the incident in order to create an appearance that Plaintiff was indeed late. This hostile work environment created by Defendant and Defendant's agents caused for several other licensed attorneys and colleagues of the Plaintiff to become severely ill to the point they were forced to quit their employment or they sought employment elsewhere in order to seek umbrage from the discriminatory practices they witnessed were being employed against Plaintiff and themselves.

10. While Plaintiff attempted on numerous occasions to resolve and mediate the matter through the Human Resources Department at SOUTH TEXAS COLLEGE OF LAW, his efforts were to no avail and futile. Indeed, rather, the discriminatory behavior became all the more glaring and egregious. Finally, when Plaintiff indicated he would be filing a grievance against SOUTH TEXAS COLLEGE OF LAW for their behavior, he was told that his employment would now be "part-time" as of July 20, 2014 to no hours scheduled until "further notice." Plaintiff at the time feeling that he had no other recourse, agreed to and accepted the terms of his modified employment. Since then, Plaintiff has been constructively terminated from SOUTH TEXAS COLLEGE OF LAW and has not been scheduled for any additional hours of employment as an Acquisitions Librarian.

**RACE AND GENDER DISCRIMINATION**

11. Defendant, SOUTH TEXAS COLLEGE OF LAW, by and through Defendant's agents, intentionally engaged in unlawful employment practices involving the Plaintiff because of his race and gender as Plaintiff is a black male.

12. Defendant, SOUTH TEXAS COLLEGE OF LAW, by and through Defendant's agents, discriminated against Plaintiff in connection with the compensation, terms, conditions, and privileges of employment or limited, segregated or classified Plaintiff in a manner that

would deprive or tend to deprive him of any employment opportunity or adversely affect his status because of Plaintiff's race and gender, black male, on violation of 42 U.S. C. Section 2000e (2)(a).

13. Defendant, SOUTH TEXAS COLLEGE OF LAW, by and through Defendant's agents, classified Plaintiff in a manner to deprive him of an equal employment opportunity that was provided to other no-black employees similarly situated in violation of 42 U.S.C. Section 2000e (2)(a).

14. The unlawful employment practices of Defendant, SOUTH TEXAS COLLEGE OF LAW, by and through Defendant's agents, specifically David Cowan, Monica Ortale, and Mary Lippold, subjected Plaintiff to disparate treatment because of his race and gender.

15. Plaintiff alleges that Defendant, SOUTH TEXAS COLLEGE OF LAW, by and through Defendant's agents, discriminated against Plaintiff on the basis of race and gender, with malice or with reckless indifference to the federally-protected rights of Plaintiff.

**RETALIATION BY SOUTH TEXAS COLLEGE OF LAW**

16. Plaintiff alleges that SOUTH TEXAS COLLEGE OF LAW instituted a campaign of retaliation which included in change of status of employment to part-time, racially hostile working environment, harassment and falsely accusing him of poor job performance. This retaliation was and is due to Plaintiff exercising his rights by seeking internal remedies and filing internal grievances. Plaintiff suffered damages for which Plaintiff herein sues Defendant, SOUTH TEXAS COLLEGE OF LAW, by and through Defendant's intentionally engaged in unlawful employment practices involving Plaintiff in retaliation against JOSEPH KELLY PLUMBAR, for engaging in protected activity.

17. Defendant, SOUTH TEXAS COLLEGE OF LAW, by and through Defendant's agents, discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive him of any employment opportunity or adversely affect

his status because of Plaintiff engaging in legally protected activity, in violation of 42 U.S.C. Section 2000e (2)(a).

18. Defendant, SOUTH TEXAS COLLEGE OF LAW, by and through Defendant's agents, classified Plaintiff in a manner that deprived him of an equal opportunity that was provided to a female, nonblack employee similarly situated in violation of 42 U.S.C. Section 2000e (2)(a).

19. The unlawful employment practices of Defendant, SOUTH TEXAS COLLEGE OF LAW, by and through Defendant's agents, specifically David Cowan, Monica Ortale, and Mary Lippold, subjected him to disparate treatment because of his race as Plaintiff is a black male.

20. Plaintiff alleges that Defendant, SOUTH TEXAS COLLEGE OF LAW, by and through Defendant's agents, discriminated against Plaintiff in retaliation against him for engaging in legally protected activity, with malice or with reckless indifference to the federally-protected rights of Plaintiff.

**RESPONDEAT SUPERIOR AND RATIFICATION**

21. At any time in this Complaint it is alleged that the Defendant, SOUTH TEXAS COLLEGE OF LAW, committed any act of discrimination or breach of contract, it is meant that the Defendant's officers, agents, servants, employees or representatives did such an act and/or that at the time such act was done, it was done with the full authorization or ratification of the Defendant or it was done in the normal and routine course and scope of employment of Defendant's officers, agents, servants, employees, or representatives.

**BREACH OF CONTRACT**

22. Defendant, SOUTH TEXAS COLLEGE OF LAW, by and through Defendant's agents, also breached Plaintiff's contact of employment by failing to follow its own disciplinary policy, performance policy and harassment policy. The failure of SOUTH TEXAS COLLEGE OF LAW to follow their own operating procedures and policies cause Plaintiff to suffer injury and damages. The injury and damages included the discharge of his employment, the non-

renewal of his contract, placing Plaintiff on a part-time employment status, condoning harassment, and failure to thoroughly investigate Plaintiff's allegations of discrimination to a conclusion.

**DAMAGES**

23. Plaintiff sustained the following damages as a result of the actions and/or omission of Defendant described above and seeks remedies from the Honorable Court in the following:

    a. Back pay and front pay;

    b. All reasonable and necessary Attorney's fees and expenses incurred on or on behalf of Plaintiff in this litigation;

    c. Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the Honorable Court deems equitable and just;

    d. All reasonable and necessary costs incurred in pursuit of this suit;

    e. Emotional pay;

    f. Expert fees as the Honorable Court deems appropriate;

    g. Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

    h. Inconvenience;

    i. Interest loss of enjoyment of life;

    j. Past mental anguish;

    k. Future mental anguish;

    l. Reasonable medical care and expenses in the past. These expenses were incurred by JOSEPH KELLY PLUMBAR and such charges are reasonable and were usual and customary charges for such services in Harris County, Texas;

m. Reasonable and necessary medical care and expenses which will be in all reasonable probability incurred in the future;

n. Loss of earnings in the past;

o. Loss of earning capacity which will, in all probability, be incurred in the future;

p. Loss of benefits; and

q. Humiliation.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff, JOSEPH KELLY PLUMBAR, respectfully prays that the Defendant, SOUTH TEXAS COLLEGE OF LAW, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; damages, together with interest as allowed by law; costs of court; and such other and further relief to which Plaintifff may be entitled at law or in equity.

Respectfully submitted,

**LAW OFFICES OF JANERI J. RIVERO**

*/s/ Janeri Jael Rivero*
Janeri Jael Rivero
Federal Bar No.: 975580
State Bar No.: 24061221
4101 Greenbriar Dr., Suite 316
Houston, Texas 77098
Telephone No.: (713) 820-1474
Facsimile No.: (713) 429-0412
jrivero@theriverolawfirm.com
**ATTORNEY FOR PLAINTIFF**
**JOSEPH KELLY PLUMBAR**